FILED

2009 Sep-30  PM 04:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ]<br>COMMISSION, ]<br> ]<br>Plaintiff, ]<br> ]<br>v. ]<br> ]<br>McGRIFF INDUSTRIES, INC. ]<br>and MCGRIFF TRANSPORTATION, INC. ]<br>D/B/A MCGRIFF TRANSPORTATION. ]<br> ]<br> ]<br>Defendant. ]<br> ] | CIVIL ACTION #<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Todd A. Roseborough, Sr. ("Roseborough") as well as other similarly situated black employees who were adversely affected by such practices. Specifically, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, McGriff Transportation, Inc., a subsidiary of McGriff Industries, Inc. (collectively referred to hereafter as "McGriff Transportation" or "Defendants") discriminated against Roseborough and other similarly situated employees by subjecting them to a racially hostile work environment based on race.

Further, the Commission alleges that Defendants violated Title VII by retaliating against Roseborough and a class of similarly-situated employees for opposing the racially-hostile work environment and filing and/or participating in an EEOC investigation of the allegations of harassment.  The retaliation included harassment, intimidation and other adverse terms and

conditions of employment and, in the case Roseborough, constructive discharge.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331,

1337,1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections

2000e-5 (f) (1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Alabama,

Northeastern Division.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation, and

enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this

action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

## PARTIES

4.      At all relevant times, Defendants McGriff Industries Inc. and McGriff

Transportation Inc. have continuously been Alabama corporations doing business in the State of

Alabama and the City of Cullman under the trade name "McGriff Transportation;" McGriff

Transportation   continuously has had at least fifteen (15) employees.

5.      At all relevant times, Defendants have continuously been employers engaged in

an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII,

42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

2

6.    More than thirty days prior to the institution of this lawsuit, Roseborough filed a charge with the Commission alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least May of 2005, the Defendants have engaged in unlawful employment practices in Alabama, in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. Section 2000e-2(a) and 2000e-3 by subjecting Roseborough, and a class of similarly situated employees, to a severe or pervasive racially hostile work environment and by retaliating against them for having engaged in activity protected by Title VII.

8.    Specifically, at least one or more of Defendant's supervisors, employees and/or representatives subjected Roseborough and other employees to racially derogatory insults and taunts, offensive racial comments and jokes, racially charged threats of violence, and/or racially-charged harassment and intimidation.

8.    Defendants knew or should have known of the racially hostile work environment because its senior managers observed and/or participated in it, because of its frequent and open nature, and/or because Roseborough and other employees complained about it.

9.    Defendants failed to take prompt or effective action to prevent, correct or remediate the racially hostile work environment

10.   Specifically, at least one or more of Defendant's supervisors, employees and/or representatives s retaliated against Roseborough and a class of similarly situated employees who engaged in activity protected by Title VII, including having filed and/or assisted in the investigation of an EEOC charge of discrimination. The retaliation included harassment, intimidation and other adverse terms and conditions of employment (disciplinary action, threats of disciplinary action) and, in the case of Roseborough, constructive discharge.

3

11.    The effect of the practices complained of above has been to deprive Roseborough and other similarly situated black employees of equal employment opportunities, and otherwise adversely impact their status as employees because of race, and in retaliation for their having engaged in activity protected by Title VII.

12.    The unlawful employment practices complained of above were intentional.

13.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Roseborough and other similarly situated employees aggrieved by the discriminatory practices.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns and all persons in active concert or participation with it, from engaging in racial harassment and retaliation, or any other employment practices which discriminate on the basis of race, or against individuals who oppose conduct made unlawful under Title VII.

B.    Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make whole Roseborough and other similarly situated employees aggrieved by the discriminatory practices, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.    Order Defendant to make whole Roseborough and other similarly situated employees aggrieved by the discriminatory practices, by providing compensation for past and

4

future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self esteem, and loss of civil rights, all in amounts to be determined at trial.

E.      Order Defendants to pay Roseborough and other similarly situated employees aggrieved by the discriminatory practices punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the __30th__ day of September, 2009.

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.,
4th Floor, Room 4NE25N
Washington, D.C. 20507

_C. Emanuel Smith_

C. EMANUEL SMITH, MS Bar No. 7473
Regional Attorney

_Julie Bean_

JULIE BEAN, DC Bar No. 433292
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

1130 – 22nd Street South
Birmingham, AL  35205
Telephone Number (205)212-2067
Fax Number (205) 212-2041

6